**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                        CASE NO. 07-CR-20414

-vs-                                     PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE
D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____/

## ORDER DENYING DEFENDANT JOHNSON'S RENEWED MOTION FOR SEVERANCE

Before the Court is Defendant Johnson's January 11, 2008 Renewed Motion for Severance. (Dkt. Nos. 139 & 190). On November 2, 2007, the Court denied Defendant Johnson's first Motion for Severance holding there was no justification for separate trials. (Dkt. No. 91).

Defendant Johnson now renews his Motion for Severance relying upon the Government's Motion in Limine and the Government's Motion for Protective Order to Preclude Extrajudicial Statements. (Dkt. Nos. 120 & 145). Defendant Johnson contends the Government has recognized in these pleadings prejudice already suffered by Defendant Johnson by being joined with Defendant Fieger for trial and also contemplates potential prejudice Defendant Johnson may suffer if the joint trial goes forward. Defendant Johnson also argues that Magistrate Judge Majzoub's February 19, 2008 Report and Recommendation in favor of granting the Government's Protective Order contains language which recognizes that Defendant Johnson's right to a fair trial has already been adversely affected by Defendant Fieger's extrajudicial statements. (Def. Supp. Br. at 4).

After review, the Court shall DENY Defendant Johnson's Renewed Motion for Severance, or more appropriately, Motion for Reconsideration of the Court's November 2, 2007 Order denying severance.

A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted). In the present case, Defendant has failed to meet this standard.

The Court had previously determined that a severance was not justified in the instant case. The renewed Motion does not compel a different conclusion. The Court has noted that it will give jury instructions pertinent to the separation of Defendants' considerations, both at the beginning and the conclusion of the trial. The Court will also instruct the jury that Defendant Johnson is not charged in Counts, 3, 8, 9 or 10. These instructions will prevent any juror confusion over the separate charges and the separate parties.

Finally, the fact that the Government has made arguments of potential prejudice to Co-Defendant Johnson in pursuit of a protective order against Co-Defendant Fieger and a motion in limine relating to Defendant Fieger's trial conduct, is not conclusive to the issue at hand. That the Government is attempting to bolster its arguments by alleging, in addition to prejudice to the Government's case, the potential for prejudice against Co-Defendant Johnson, does not make it so. The Court will be vigilant in enuring Defendant Johnson's right to a fair trial.

For these reasons, the Court **DENIES** Defendant Johnson's Renewed Motion for Severance. (Dkt. Nos. 139 & 190).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 4, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 4, 2008.

s/Denise Goodine
Case Manager